## Wisniski v. Zoning Board of Adjustment of Haverford Township

*Reilly & Pearce*, for plaintiff.

*Raymond E. Larson* and *Domenic D. Jerome*, for zoning board of adjustment.

OLMSTED, J., December 30, 1958.—Mrs. Wisniski owns two lots, each of approximately 100 feet frontage, in a C-Residence District (Haverford Township)

where for residence purposes only single family dwellings are permitted. On one of these lots is a house used as a three family dwelling. She applied for a *special exception* which, after hearing, was refused. The board's opinion states that it "rests its decision upon the relief which the applicant sought, that is a special exception."

Mrs. Wisniski took no appeal, but applied for a permit to use the total lot area for multi-family dwelling. From the building inspector's refusal to issue the permit she appealed to the zoning board of adjustment for a permit and a *variance*. The board refused to accept jurisdiction or to hear her case on the merits because it considered that its rejection of the application for a special exception barred the appeal under the principle of res judicata. She has appealed to this court, contending that the refusal to hear her case was an abuse of discretion. We think that it was.

As to the principle of res judicata, applicant points of departure from the strict provisions of a zoning to the difference between the issues in the two classes ordinance: Devereaux Foundation Inc., Zoning Case, 351 Pa. 478, 483. For example, in the instant case an exception requires and a variance does not require the consent of 80 percent of the owners of land within a specified distance, and also requires 50 feet frontage per family. The board's counsel counters that the board did, in fact, consider all the elements which are involved in a variance. We cannot, however, go behind its own finding that the decision is rested on the relief provided by the exception provisions of the ordinance.

### Order

And now, December 30, 1958, the prayer of the petition is granted and the appeal is remanded to the Zoning Board of Adjustment of Haverford Township for a full and complete hearing on the merits.